UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

December 17, 2019

LETTER TO COUNSEL:

    RE:    *Curtis W. v. Andrew M. Saul, Commissioner of Social Security*[1]
            Civil No. TJS-18-3037

Dear Counsel:

    On October 3, 2018, Plaintiff Curtis W.[2] petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 20 & 21.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    In his application for DIB, Curtis W. alleged a disability onset date of April 1, 2014. (Tr. 34.) His application was denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on May 8, 2017 (Tr. 55-89), and the ALJ found that Curtis W. was not disabled under the Social Security Act (Tr. 32-47). The Appeals Council denied Curtis W.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

    The ALJ evaluated Curtis W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Curtis W. had not engaged in substantial gainful activity since April 1, 2014. (Tr. 34.) At step two, the ALJ found that Curtis W. suffered from the following severe impairments: "spine disorder status-post surgery; anxiety; post-traumatic stress disorder (PTSD); mood disorder." (*Id.*) At step three, the ALJ found

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On September 30, 2019, the case was reassigned to me.

Curtis W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 35.) The ALJ determined that Curtis W. retained the residual functional capacity ("RFC")

> to perform a range of light work as defined in 20 CFR 404.1567(b), except standing/walking a total of 4 hours; occasionally climb ramps/stairs, stoop, kneel, balance, crouch, craw; never climb ladders/ropes/scaffolds; avoid concentrated exposure to hazards including dangerous moving machinery, uneven terrain, and unprotected heights; simple, routine, and repetitive tasks, low stress (no high production quotas or fast paced assembly); superficial contact with the public.

(Tr. 38.)

At step four, the ALJ determined that Curtis W. was unable to perform any past relevant work. (Tr. 45.) At step five, relying on the testimony of a vocational expert, the ALJ found that Curtis W. could perform jobs that exist in substantial numbers in the national economy, including office helper, hand packer, and assembler. (Tr. 47.) Accordingly, the ALJ concluded that he was not disabled under the Social Security Act. (*Id.*)

Curtis W.'s single argument in this appeal is that the ALJ did not properly evaluate his mental health impairments. Curtis W. primarily takes issue with the ALJ's evaluation of the opinion of his treating psychiatrist, Dr. Patrick Sheehan, which the ALJ assigned only "some weight." He also argues that the ALJ erred in evaluating evidence related to his credibility.

In the written decision, the ALJ discussed Dr. Sheehan's Mental Residual Functional Capacity Assessment forms and treatment notes. (Tr. 43.) The ALJ noted that Dr. Sheehan "treated the claimant for PTSD (severe, chronic), bipolar disorder, and panic disorder" from about June 2016 onward. (Tr. 43-44.) The ALJ gave "only some weight" to Dr. Sheehan's opinions for several reasons. First, the ALJ found that Dr. Sheehan generally did not provide a rationale for his opinions, and some of the opinions were inconsistent with objective medical evidence, including Dr. Sheehan's own treatment notes. (Tr. 44.) Second, the ALJ rejected Dr. Sheehan's conclusion that Curtis W. was unable to work "because that is an opinion on an issue of disability reserved to the Commissioner." (*Id.*) In addition, the ALJ found that this conclusion was not consistent with "the longitudinal record with its limited physical findings and generally routine and conservative treatment." (*Id.*) Third, the ALJ noted that Dr. Sheehan relied too much "on subjective reporting that is not underpinned by objective mental status abnormalities." (*Id.*)

Curtis W. argues that the ALJ's assessment of Dr. Sheehan's opinion is flawed for several reasons. First, he objects to the ALJ's characterization of the treating relationship between Dr. Sheehan and Curtis W. as "brief." (ECF No. 20-1 at 11.) But the ALJ's statement in this regard was correct. Dr. Sheehan had only treated Curtis W. for about one year (as of the date of the ALJ's written decision). Under the regulations, the ALJ appropriately considered this relatively brief treating relationship in determining the weight to assign to Dr. Sheehan's opinion. *See* 20 C.F.R. §§ 404.1520(c) (noting that, in general, the opinion of a treating source with a longer treatment history will be entitled to more weight than the opinion of a source with a shorter treating history).

In context of Curtis W.'s alleged onset date of disability (initially February 8, 2011, but later amended to February 14, 2014), the ALJ fairly characterized one year of treatment history as brief.

Second, Curtis W. objects to the ALJ's analysis of evidence related to his daily activities, accusing the ALJ of "cherry picking" facts that support a finding of non-disability while ignoring evidence that points to a disability finding. (ECF No. 20-1 at 15.) The Court finds no error in the ALJ's analysis. The ALJ's reasoning that Curtis W.'s ability to "get up at 6 a.m. to get his kids to school" is inconsistent with Dr. Sheehan's opinion that he had "extreme limitation in his ability to be punctual" is sound. The Court acknowledges that the treatment note to which the ALJ refers contains additional details that suggest Curtis W. was not required to get up at 6 a.m. every day to get his kids to school. But "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Having reviewed this treatment note, the Court does not find that the ALJ "cherry picked" facts that downplayed Curtis W.'s limitations while ignoring evidence pointing to a disability finding. The ALJ appropriately considered this treatment note in reaching the RFC determination. The Court will not reweigh the evidence of record to determine whether it would have reached the same conclusion. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.") (brackets, citation, and internal quotation marks omitted).

Curtis W. also takes issue with the ALJ's characterization of Dr. Sheehan's opinions as "conclusory." (ECF No. 20-1 at 17.) Having reviewed Dr. Sheehan's Mental Residual Functional Capacity Assessment forms (Tr. 659-662, 790-797), the Court finds that the ALJ's finding regarding the "conclusory" nature of Dr. Sheehan's opinions is supported by substantial evidence. Dr. Sheehan provided some reasoning for his conclusion that Curtis W. could not work on a regular and sustained basis, but the ALJ correctly found that this is a decision reserved to the Commissioner. As to other conclusions, Dr. Sheehan indicated his opinions by circling words on a pre-printed form. Although it is entirely appropriate for a treating source to indicate their opinion on such a "checkbox form," an ALJ is permitted to discount such opinions where they do not include enough narrative explanation to communicate the basis of the opinion. *See, e.g., Schaller v. Colvin*, No. 13-334-D, 2014 WL 4537184, at *16 (E.D.N.C. Sept. 11, 2014) ("[S]ince the opinion is in the form of a questionnaire, the ALJ was entitled to assign it less weight than a fully explanatory and narrative opinion because such form opinions do not offer adequate explanation of their findings."). Dr. Sheehan's opinion that Curtis W.'s impairments would interfere with his ability to work at least 20% of the time is one such conclusory opinion and the ALJ appropriately discounted it.

Curtis W. also objects to the ALJ's decision to discount Dr. Sheehan's opinions because they are overly reliant on "subjective reporting that is not underpinned by objective mental status abnormalities." (Tr. 44; ECF No. 20-1 at 18.) But an ALJ may properly assign lesser weight to a treating physician's opinion where the opinion is based largely on the claimant's self-reported symptoms. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). And here, the ALJ accurately characterized Curtis W.'s mental status exams, which were "largely normal" but for "a tearful and anxious affect, and some persecutory thoughts." (Tr. 40, 43.) Again, it is not the function of this Court to reweigh the evidence and second-guess the ALJ. The ALJ applied the appropriate

standards in considering Dr. Sheehan's opinions and her decision to give the opinions only some weight is supported by substantial evidence.

Curtis W. argues that the ALJ did not adequately explain which of Dr. Sheehan's opinions were accepted and which were rejected. But reading the ALJ's decision as a whole, the Court finds that the ALJ adequately explained how she weighed and considered Dr. Sheehan's opinions. The ALJ provided a lengthy summary of the medical evidence and a suitable explanation for how the ALJ made the RFC determination. The ALJ was not required to go line-by-line through Dr. Sheehan's opinions to state which opinions were accepted and which were rejected.

Finally, Curtis W. argues that the ALJ "erred in making conclusory statements about [his] medications as an attempt to discount his credibility." (ECF No. 20-1 at 20.) The ALJ made this statement in connection with her discussion of Curtis W.'s "largely normal" mental status exams, and in connection with the suggestion by Dr. Singh, a treating physician, that Curtis W. should get a second opinion about the "large dose of psychiatric medications" he was prescribed. (Tr. 40, 43.) Even assuming that the ALJ made a mistake in connection with her statement about Curtis W.'s medications, such a flaw was minor and did not undermine the ALJ's overall assessment of Curtis. W.'s limitations and subjective complaints. *See generally Sizemore v. Berryhill*, 878, F.3d 72, 82-83 (4th Cir. 2017). The record amply supports the ALJ's evaluation of Curtis W.'s subjective complaints, and any error in connection with the judgment of the ALJ's evaluation of Curtis W.'s use of medication does not require remand.

For the reasons set forth herein, Curtis W.'s Motion for Summary Judgment (ECF No. 20) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 21) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge
